JAMES KISINGER v. THE STATE.

No. 20532. Delivered November 1, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is false imprisonment; the punishment, a fine of $200.

A. L. Cavender, testified in substance, as follows: He bought an automobile from appellant and had failed to make one of his payments. Appellant and one Brown came to his home and demanded payment. He got in the car with them for the purpose of driving to a neighbor's in an effort to secure the payment he was due. Instead of carrying him to the appointed place, Brown assaulted him with brass knucks and a tire tool while appellant held him. They then forced him to go to Fort Worth with them. He appeared before a notary public and signed a bill of sale to the car. Brown then carried him to his home. Other witnesses for the State testified to the fact that Cavender had been beaten. On the way to Fort Worth appellant and Brown stopped at a store which was operated at Brazos Point by William Powell. Powell testified to seeing someone in the car who appeared to have been beaten up. He said he talked to Brown on this occasion and Brown said to him: "Look what I done to this s—of—a—b."

The notary public before whom Cavender appeared testified that when Cavender executed the bill of sale he (Cavender) talked with appellant and Brown relative to the matter and it was agreed that he would have ten days within which to redeem the car provided he paid appellant the amount he owed him.

Testifying in his own behalf, appellant denied that he and Brown had forced Cavender to go to Fort Worth. It was his version that he went voluntarily and that he was not forced to sign the bill of sale. He testified, further, that while they were in the car Brown asked Cavender what he had done with the mortgaged car, and his reply to Brown was that it was none of his damn business. A fist fight then ensued between Brown and Cavender. Appellant separated them and the three then proceeded to Fort Worth.

It appears from the single bill of exception in the record that after the bill of sale had been executed by Cavender and

after the conspiracy between Brown and appellant, if there was one, had terminated, Brown returned to the place of business of Mr. Powell, and, in the absence of appellant, who appears to have been nowhere in the vicinity of the store, stated to Mr. Powell, in substance, that he had forced Cavender to give him and the appellant a bill of sale to the car. In the course of the conversation he said that he could take care of his own business any time anybody failed to make payments that were due him. Mr. Powell testified that Brown showed him his fist and pointed out there were no bruises on anything on him (Brown). Appellant's objection to the foregoing testimony on the ground that it was hearsay should have been sustained. We think the bill of exception reflects reversible error. The hearsay statement of Brown tended to combat appellant's defensive theory that Cavender voluntarily went with Brown and him to Fort Worth and executed a bill of sale to the automobile in question. Brown's statement tended to show that coercion and force had been used in carrying Cavender to Fort Worth and in securing from him the bill of sale.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has filed a motion for a rehearing herein, requesting this court to pass upon appellant's second and third assignments of error so that a ruling might be had thereon in the event of another trial of this cause.

We suggest that in paragraph three of the court's charge there was doubtless inadvertently omitted the italicized phrase *from removing* from one place to another as he might see proper, which matter will doubtless be remedied on another trial.

We are of the opinion that appellant's second and third assignments are without merit. The court seems to have followed the statute in defining the offense, and the facts as offered by the State seem to evidence a violation of such statute.

The motion is overruled.